667 A.2d 179

Sandra Lee HAUPT

v.

STATE of Maryland.

No. 132 Sept. Term, 1994.

Court of Appeals of Maryland.

Nov. 14, 1995.

Jonathan P. Stebenne (the Law Offices of J. Owen Bracken, Jr., on brief), Baltimore, for appellant.

Omar V. Melehy, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General; Pamila J. Brown, Assistant Attorney General, all on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

BELL, Judge.

█ Once again we are required to construe the restrictions on actions provision, § 12–106 of the Maryland Tort Claims Act ("MTCA"), Maryland Code (1984, 1993 Repl.Vol.), § 12–101 et seq. of the State Government Article.[1] On this occasion, we address an issue left open by *Leppo v. State Highway Administration,* 330 Md. 416, 431, 624 A.2d 539, 546 (1993), the most recent case to construe § 12–106: When does the 180–day clock begin to run in the case of third-party claims?

---

1. As relevant to this case, Maryland Code (1984, 1993 Repl. Vol.) § 12–106 of the State Government Article provided:

    (a) *Scope of section.*—This section does not apply to a claim that is asserted by cross-claim or counterclaim.

    (b) *Claim and denial required.*—A claimant may not institute an action under this subtitle unless:

    (1) the claimant submits a written claim to the Treasurer or a designee of the Treasurer within 180 days after the injury to person or property that is the basis of the claim;

    (2) the Treasurer or designee denies the claim finally; and

    (3) the action is filed within 1 year after the claim is denied finally or 3 years after the cause of action arises, whichever is later.

    By Chapter 564, 1994 Maryland Laws, the General Assembly amended § 12–106. By virtue of that amendment, *see* 1994 Cumulative Supplement, subsection (a) now provides:

    (a) *Scope of section.*—This section does not apply to a claim that is asserted by cross-claim, counter claim, or third-party claim.

    and subsection (b)(3) now requires that the action be "filed within 3 years after the cause of action arises." Because no claim is made that the statute as amended applies to the issue *sub judice* and "[a] statute is presumed to have prospective effect only, unless there is a clear legislative intent that the statute operate retroactively," *Songer v. State,* 327 Md. 42, 51, 607 A.2d 557, 562 (1992) citing *Spielman v. State,* 298 Md. 602, 607, 471 A.2d 730, 733 (1984), which is not evident in this case, we consider only the pre-amendment version of the statute.

    All future references to the Maryland Tort Claims Act will be to the 1993 Replacement Volume of the State Government Article, unless otherwise indicated.

I

Sandra Lee Haupt, the appellant, was involved in an automobile accident with Margaret Lynn Keehan, the plaintiff, which occurred on August 1, 1989. There was a collision between the appellant's car and the plaintiff's car when the appellant pulled out of a parking lot and entered Mayo Road. Just prior to the accident, the plaintiff's car was proceeding on Mayo Road from the left of the parking lot.

Almost three years after the accident, on August 17, 1992, the plaintiff filed suit against the appellant in the Circuit Court for Anne Arundel County, alleging that the appellant's negligent operation of her car was the cause of the physical injuries that the plaintiff sustained. The appellant filed a timely answer to the complaint and, subsequently, a third-party complaint against Anne Arundel County, seeking contribution and/or indemnification. The third-party complaint alleged that the appellant's view of Mayo Road was obstructed by trees and brush on the County's property, which the County had negligently failed to trim. The County moved to dismiss the third-party complaint on the grounds that the property in question was owned by the State of Maryland and not the County. Subsequently, on March 5, 1993, the appellant filed a third-party complaint against the State, the appellee, for indemnification and/or contribution, premised on the same allegations that had been made against the County. The third-party complaint against the County subsequently was dismissed.

The third-party complaint against the State was served on the State Treasurer on March 18, 1993. The State's motion to dismiss that complaint was filed on March 23, 1993. The State, which had not received notice of a claim pertaining to the underlying accident prior to being sued, argued, in the motion, that the appellant failed to comply with the 180–day time requirement in the MTCA. Following a hearing, the circuit court dismissed the third party complaint, adopting the State's position that § 12–106(b)(1) requires that written no-

tice of the claim, which is the subject of the underlying action, be filed within 180 days of the accident.

After the court's ruling had been certified as final pursuant to Maryland Rule 2–602,[2] the appellant noted an appeal to the Court of Special Appeals. Prior to the intermediate appellate court's consideration of the matter, we issued a writ of certiorari on our own motion.[3]

## II

In *Leppo*, this Court was presented with the question whether third-party claims were excepted from the notice provision of § 12–106. *Id.* at 419, 624 A.2d at 540–41. We concluded that they were not. *Id.* Specifically, we held:

> The 180–day requirement is a condition precedent to the institution of a third-party action against the State.... [T]he only exceptions designated are cross-claims and counterclaims. The General Assembly could have added third-party claims to this short list, but it chose not to do so.

*Id.* at 423, 624 A.2d at 542 (citations omitted).

Having so held, the Court made clear what it had not decided: "From the start, the parties have focused on the question whether a third-party claimant is within the exceptions of § 12–106(a). They both have clearly indicated that the time the 180–day clock began to run was not 'before the court.'" *Id.* at 430–31, 624 A.2d at 546. Pointing out that the matter was not argued in the circuit court, nor addressed by that court, that the parties never attempted to establish the

---

**2.** Maryland Rule 2–602 provides, in pertinent part:

(b) *When allowed.*—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

(1) as to one or more but fewer than all of the claims or parties;

\*    \*    \*    \*    \*    \*

**3.** This is the second appeal that the appellant has filed to challenge the circuit court's ruling. The Court of Special Appeals determined the appellant's initial Rule 2–602 certification to be defective because it failed to state that there was "no just reason for delay." That deficiency was corrected on remand of the case to the circuit court.

legislative intent, as to that issue, and that the circuit court did not explain in what respect the appellant did not meet the notice requirement, the Court remanded the case to the circuit court for further proceedings to determine whether there had been compliance with the notice requirement in that case. It opined that:

> Our procedures permit third-party actions but just how they fit into the MCTA is far from evident. Absent clear legislative direction, third-party actions and § 12–106(b) must be reconciled to reflect the best interests of justice—fairness both to the third-party plaintiff and to the State. Although the matter of compliance *vel non* with § 12–106(b) is a matter of law, we are reluctant to resolve it prior to the parties having the opportunity to fully brief and argue the issue. We think that it should first be argued and decided below, thereby giving the third-party complainant and the State the opportunity to be heard. In the event of an appeal they could fully express and support their respective views by way of brief and argument.

*Id.* at 431, 624 A.2d at 546–47. The case at bar provides this Court with the opportunity to address that issue.

### III

The appellant contends that the State's motion to dismiss her third-party complaint should have been denied because the third-party complaint was timely filed. Since, she argues, the plain meaning of § 12–106(b) is that the 180–day limitation period does not begin to run until *after* there has been injury to the person or property that is the basis for the underlying claim, and her complaint is for contribution and/or indemnification, she is injured only when the plaintiff has been awarded a final judgment against her. Stated another way, the appellant's position is that, in the third-party context, the claim to which § 12–106(b) refers is that of the defendant in the underlying action, *i.e.*, the third-party plaintiff. Consequently, therefore, she contends that the injury referred to is the injury to the person or property of the third-party plaintiff,

not, as the State maintains, the injury directly resulting from the accident.

In support of her position, the appellant argues that most defendants/third-party plaintiffs would be denied the opportunity to sue the State if a third-party plaintiff were required to file a lawsuit within 180 days of the accident giving rise to the action in which he or she is the defendant. She points out that rarely does a plaintiff file suit within such a short time after the accident; therefore, she maintains, application of the § 12–106(b) notice requirement to third-party plaintiffs would be patently unfair and in direct violation of the third-party plaintiff's due process rights. Alternatively, the appellant asserts that she has shown good cause for not complying with the 180–day requirement.

Not unexpectedly, the appellee takes the opposite position. It argues that dismissal was proper. The appellee contends, in that regard, that, as there would be no third-party action without injury to the plaintiff, it is the timing of the plaintiff's injuries, rather than the entry of judgment against the appellant, that determines when notice in compliance with § 12–106(b) must be given. It reasons that, because the claim against it derives from the plaintiff's injuries, *i.e.*, those injuries resulting from the accident, the appellant was injured when the plaintiff was injured. That this is so is made manifest, the appellee asserts, when one considers that the appellant's third-party claim would not exist without the plaintiff's injury and that the recovery of monetary damages, in respect of that claim, depends necessarily and directly on the extent of those injuries. Thus, the appellee concludes that the fact that the appellant failed to comply with the 180–day requirement of § 12–106(b) is evident; the appellant did not file a claim with the treasurer within 180 days after the accident in which the plaintiff was injured.

The appellee argues, in the alternative, that the appellant's third-party action was filed prematurely and, hence, the court was without jurisdiction to adjudicate it. It notes the appellant's argument that her "injury" occurs when judgment is

rendered against her and that the third-party complaint was filed prior to that time. The appellee points out that § 12–106(b)(1) requires submission of a written claim "within 180 days *after* the injury to person or property that is the basis of the claim." (Emphasis added).

## IV

The purpose of the notice requirement of § 12–106 is patent. Requiring that notice be given to the State within 180 days after incurring the injury to which the claim relates obviously is designed to give the State early notice of claims against it. *Johnson v. Maryland State Police,* 331 Md. 285, 296, 628 A.2d 162, 167 (1993). That early notice, in turn, affords the State the opportunity to investigate the claims while the facts are fresh and memories vivid, and, where appropriate, settle them at the earliest possible time.

Section 12–106(b) sets forth the conditions precedent to filing suit against the State of Maryland:

1. submission of a written claim to the Treasurer within 180 days after the injury to person or property that is the basis of the claim;

2. final denial of the claim by the Treasurer; and

3. filing suit within the later of one year after the claim is finally denied or three years after the cause of action accrues.

The requirements of subsections (b)(2) and (b)(3) are clear and unambiguous. They require the Treasurer's final denial of the claim and the filing of suit within a prescribed time period. Subsection (b)(1), on the other hand, is not so clear. It requires that there be a nexus between the claim made and the injury incurred. Thus, while its provisions make clear that a claim must be submitted, in writing, within a specified time and must relate to "injury to person or property that is the basis of the claim," the meaning of the latter phrase is not at all clear with respect to the injury to which the phrase refers. No differentiation is made between claims by third-party plaintiffs, those made by the defendant in the underly-

ing action, and those made by the plaintiff in the underlying action. Whether, and if, a party may be a claimant within the meaning of § 12–106(b) and whether, and if, a claim is timely are matters to be determined according to the circumstances. As it relates to third-party actions—when a third-party plaintiff is involved—the phrase is simply ambiguous.

To resolve ambiguities, it is well settled that we may consult interpretative aids other than the words of the statute. *See City of Baltimore v. Cassidy*, 338 Md. 88, 93–4, 656 A.2d 757, 760 (1995); *Gargliano v. State*, 334 Md. 428, 439, 639 A.2d 675, 680 (1994); *State v. Thompson*, 332 Md. 1, 7, 629 A.2d 731, 734–35 (1993); *Harris v. State*, 331 Md. 137, 146, 626 A.2d 946, 950 (1993); *Kaczorowski v. City of Baltimore*, 309 Md. 505, 514–16, 525 A.2d 628, 632–33 (1987). The purpose of the statute, its legislative history, and "other material that fairly bears on the fundamental issue of legislative goal or purpose" are among the interpretative aids to which we look in determining the meaning of ambiguous statutory language, *Id.* at 515, 525 A.2d at 633; *see also Mustafa v. State*, 323 Md. 65, 73, 591 A.2d 481, 485 (1991); however, the statute must be interpreted reasonably, avoiding an interpretation that is illogical or incompatible with common sense. *D & Y, Inc. v. Winston*, 320 Md. 534, 538, 578 A.2d 1177, 1179 (1990); *Blandon v. State*, 304 Md. 316, 319, 498 A.2d 1195, 1196 (1985); *Erwin & Shafer, Inc. v. Pabst Brewing Co.*, 304 Md. 302, 315, 498 A.2d 1188, 1194 (1985). Moreover, the language of the statute must be interpreted in context, *Kaczorowski*, 309 Md. at 516, 525 A.2d at 633, citing *Potter v. Bethesda Fire Department*, 309 Md. 347, 351–55, 524 A.2d 61, 63–4 (1987) (quoting *State v. Fabritz*, 276 Md. 416, 421–22, 348 A.2d 275, 278–79 (1975), *cert. denied*, 425 U.S. 942, 96 S.Ct. 1680, 48 L.Ed.2d 185 (1976)), and given full effect, *State v. Bricker*, 321 Md. 86, 93, 581 A.2d 9, 12 (1990); *Board of Education of Garrett County v. Lendo*, 295 Md. 55, 62, 453 A.2d 1185, 1189 (1982), neither adding nor deleting words to obtain a meaning not otherwise intended, as evidenced by the words actually used. *Id.* at 63, 453 A.2d at 1189; *Smelser v. Criterion Insurance*

*Co.,* 293 Md. 384, 389, 444 A.2d 1024, 1027 (1982); *Pappas v. Pappas,* 287 Md. 455, 465, 413 A.2d 549, 553 (1980).

## V

When the tort claim is made by the plaintiff in the underlying action, it is patent that the 180–day period begins to run as soon as the plaintiff or the plaintiff's property is injured, *i.e.,* from the time of the accident. *See Condon v. State,* 332 Md. 481, 494, 632 A.2d 753, 759 (1993); *Lopez v. State Highway Administration,* 327 Md. 486, 492, 610 A.2d 778, 781 (1992); *Simpson v. Moore,* 323 Md. 215, 230, 592 A.2d 1090, 1094–95 (1991). Where, however, the claim is made by the defendant in the underlying action, whether by way of, as in this case, a third-party complaint, or an action for contribution or indemnification, the question becomes, whether the injury to which the statute refers is the injury directly resulting from the accident, as the State maintains, or, as the appellant contends, the injury which, although derived from the accident, may not manifest until later. Does it refer, in other words, to the injury to the person or property of the plaintiff in the underlying action or the injury which gives rise to the derivative third-party action or the action for contribution or indemnification?

The statute's ambiguity can be illustrated by hypothesizing an accident for which the State potentially is responsible and in which only one of two non-State parties to the accident suffers an injury to person or property. In this scenario, only one of the non-State parties may file a claim with the Treasurer. A " 'claimant' is one who claims a right, or asserts a right, demand or a claim." Black's Law Dictionary at 225 (5th Ed.1979). Among the definitions of "claim" are "[t]o demand as one's own or as one's right" and "cause of action." *Id.* at 224. Section 12–106(b)(1) contemplates a claim based on an injury to person or property. The non-State party who has sustained personal injury or property damage in the accident has a § 12–106(b)(1) claim.

Although involved in the accident and aware of the injuries to the other party, the uninjured party does not have a claim against the State at that time. He or she has not suffered the required injury; only a party who suffers an injury in the accident can immediately state a claim for injury to person or property.

In order to proceed against the State, a party must give notice to the Treasurer pursuant to § 12–106(b)(1). As we have seen, this involves the submission of a written claim within 180 days after the injury that is the basis of the claim occurs. Giving it its ordinary and commonsensical meaning, a claim is a broad and comprehensive term encompassing all species of legal demand. *Leppo,* 330 Md. at 427, 624 A.2d at 545, citing *White v. Land Homes Corp.,* 251 Md. 603, 610–611, 248 A.2d 159, 163 (1968). Therefore, "[a] claim in the context of civil litigation, is a substantive concept, defining the moment at which a litigant may seek judicial recourse." *Id.,* citing *Edmunds v. Lupton,* 253 Md. 93, 100, 252 A.2d 71, 75 (1969).

The Maryland Rules permit the filing of third-party claims by defendants and the litigation of third-party actions. Maryland Rule 2–302 allows for, among other pleadings, a complaint and a third-party complaint. Maryland Rule 2–332, provides in pertinent part:

(a) *Defendant's Claim Against Third Party.* A defendant, as a third-party plaintiff, may cause a summons and complaint, together with a copy of all pleadings and motions previously filed in the action, to be served upon a person not previously a party to the action who is or may be liable to the defendant for all or part of a plaintiff's claim against the defendant. A person so served becomes a third-party defendant.

Under Maryland's Third–Party Practice Rule, a third-party defendant may assert defenses, counterclaims and cross-claims to the same extent as can a defendant. *See* Rule 2–332(b).[4]

---

4. Maryland Rule 2–332(b) provides:

For purposes of this case, the concept of "claim" must be considered in the context of the "Third–Party Practice" rule, Maryland Rule 2–332. Thus considered, it becomes clear that, relevant to the question of when the § 12–106(b)(1) notice must be given to the State prior to filing a third party claim is the determination when the legally operative facts permitting the filing of such a claim came into existence.

Section 12–107 prescribes the contents of a "claim." It provides, as relevant:

(a) *Form.*—A claim under this subtitle shall:

(1) contain a concise statement of facts that sets forth the nature of the claim, including the date and place of the alleged tort;

(2) demand specific damages;

(3) state the name and address of each party;

(4) state the name, address, and telephone number of counsel for the claimant, if any; and

(5) be signed by the claimant, or the legal representative or counsel for the claimant.

Although § 12–106(b) sets forth the time for filing the claim, what must be included in the claim helps to determine when it has accrued and whether it suffices to provide the State with the notice it is due. The requirement that the claim "contain a concise statement of facts that sets forth the nature of the claim, including the date and place of the alleged tort" is particularly instructive in that regard. It requires not merely a statement as to the time and location of the occurrence out of which the claim arose, but the specifics of that claim as well.

---

(b) *Response by Third Party.* A third-party defendant shall assert defenses to the third-party plaintiff's claim as provided by Rules 2–322 and 2–323 and may assert counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided by Rule 2–331. The third-party defendant may assert against the plaintiff any defenses that the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

While the date and place of the alleged tort are known at the precise moment when the accident occurred, the nature of a third party claim may not be known until much later. To be sure, a potential defendant could be put on notice immediately following the accident that he or she may be liable for the accident and, consequently, may be sued. While that notice may cause the potential defendant to consider a third party action, in reality it can only trigger his or her need to investigate the accident to ascertain whether another party may have been at fault. Until he or she actually is named as the defendant in a tort action, no third party action initiated by him or her is possible.

■ A third-party complaint is generated by pending litigation; consequently, the Third–Party Practice rule contemplates and, indeed, explicitly acknowledges, that a third-party complaint, having as its purpose the protection of the defendant against the demands of the plaintiff,—it is directed towards one "who is or may be liable to the defendant for all or a part of a plaintiff's claim against defendant," *Leppo,* 330 Md. at 428, 624 A.2d at 545,—will follow the filing of a complaint against the defendant. Moreover, and necessarily, a third-party claim is designed to precede any legal determination of the defendant's liability to the plaintiff for the occurrence of the accident. In other words, a third party claim may be brought even though the defendant in the underlying action has suffered no actual injury. For purposes of a third-party claim, therefore, "injury" has a different meaning than it has in the first party context.

While a plaintiff may have commenced a civil action against a defendant when he or she files suit, *see* Maryland Rule 1–101(a) ("a civil action is commenced by filing a complaint with a court"), it is the service of the complaint and the summons on the defendant that exposes the defendant to liability. *See*

Maryland Rule 2–112(a);[5] 2–124(a);[6] 2–321(a).[7] It follows, therefore, that the earliest point at which a third-party plaintiff actually will be exposed to liability, so as to be able to provide the State with the notice required by § 12–106(b), is when he or she has been served with the plaintiff's complaint for damages.[8] Moreover, it is only then that the nature of the third-party claim and the specific damages pertaining thereto will be determinable. Only then can "a concise statement of facts that sets forth the basis for the claim" be alleged.

The appellant need not have filed a third-party claim; she had the option of suing the State for contribution or indemnification after judgment had been rendered against her. This raises the question when, in that event, must she have given notice to the state.

Although a claim for indemnification or contribution does not accrue until judgment has been entered against the party seeking indemnification or contribution, *Read Drug v. Colwill Constr.*, 250 Md. 406, 422–23, 243 A.2d 548, 558 (1968), *see also Washington Suburban Sanitary Commission v. Riverdale Heights Volunteer Fire Co. Inc.*, 308 Md. 556, 570 n. 3, 520 A.2d 1319, 1327 n. 3 (1987), that does not mean that that

---

**5.** Maryland Rule 2–112(a) provides:

(a) *Summons.*—Upon the filing of the complaint, the clerk shall issue forthwith a summons for each defendant and shall deliver it, together with a copy of each paper filed and a blank copy of the information report form required to be provided by Rule 1–112(b), to the sheriff or other person designated by the plaintiff. Upon request of the plaintiff, more than one summons shall issue for a defendant.

**6.** Maryland Rule 2–124(a) provides:

(a) *Individual.*—Service is made upon an individual by serving the individual or an agent authorized by appointment or by law to receive service of process for the individual.

**7.** Maryland Rule 2–321(a) provides:

(a) *General Rule.*—A party shall file an answer to an original complaint, counterclaim, cross-claim, or third-party claim within 30 days after being served, except as provided by sections (b) and (c) of this Rule.

**8.** Maryland Rule 2–332(e) requires the filing of a third-party complaint within 30 days after the time for filing the third-party plaintiff's answer, as defendant, in the underlying action. Pursuant to § 12–106(b)(1) and (3), notice of a claim is required to be given to the Treasurer, who must finally reject it, before an action against the State may be filed.

party may delay giving the § 12–106(b)(1) notice until that time. The timeliness of the § 12–106(b)(1) notice is not tied to when a particular cause of action accrues; rather it is dependant upon the point at which the claimant suffered personal or property damage injury. Because Maryland permits third party claims, that means when a party may bring a third party suit.[9] Thus, for purposes of § 12–106(b)(1), the 180–day clock begins to run without regard to whether the defendant asserts a third party claim against the State in the pending action or brings a separate subsequent action against the State for contribution or indemnity. Consequently, in this case, the State became entitled to the 12–106(b)(1) notice the moment the appellant was able to bring a third party claim.

We observed in *Leppo*, addressing when the 180–day clock begins to run, that "[a]bsent clear legislative direction, third-party actions and [the requirements of] § 12–106(b) must be reconciled to reflect the best interests of justice and fairness both to the third-party plaintiff and to the State." *Leppo*, 330 Md. at 431, 624 A.2d at 546–47. The State's interpretation of § 12–106(b)(1) as requiring notice to be given within 180 days of the accident fails to make the reconciliation. Indeed, it is illogical and incompatible with common sense. Interpreting § 12–106(b)(1) as requiring the 180–day clock to begin to run from the date of the accident places the non-injured party at the mercy of the injured party, in addition to controlling whether the State receives early notice of a claim against it. As this Court said in *Leppo*, to bar a third party plaintiff under this statute would be to:

> place in the hands of the plaintiff the determination of whether the defendant might be permitted to recover from

---

9. The State agrees that, as written, § 12–106(b) applies to third-party complaints. It nevertheless argues that, in this case, the appellant's action is premature and that, in the absence of a judgment against the third-party plaintiff, the trial court has no jurisdiction to entertain the action. The State cannot have it both ways. Section 12–106 cannot both recognize the third-party practice as reflected in the Maryland rules by requiring third-party plaintiffs to comply with its notice requirement, and, at the same time, preclude third-party complaints, validly initiated, from being viable, by labeling them as premature.

the municipal corporation [here the State] because by the manipulation of the time of filing suit and the speed with which the plaintiff then proceeded, the plaintiff could easily place the potential third-party plaintiff outside the statutory period.

*Id.* at 421–22, 624 A.2d at 542 (quoting *Cotham & Maldonado v. Bd. of County Comm'rs,* 260 Md. 556, 567, 273 A.2d 115, 118 (1971). Thus, the plaintiff, by his or her action or inaction—by giving the requisite notice to the State in a timely fashion or refraining from doing so—could control whether the notice provided the third party was adequate, and is enabled to determine whether the third-party action successfully could be maintained. When the State's role in the accident is known and the defendant is not injured in the accident, the defendant may not, pursuant to § 12–106, place the State on notice as to his or her claim until after the plaintiff has filed suit against him or her, not to mention initiate a third-party action against the State.

Moreover, when the State's involvement in the accident is not known at the moment of the accident, adopting the State's interpretation would require every uninjured party to an accident to expend considerable time and money investigating, within 180 days of the occurrence of the accident, the possibility that the State is responsible for the accident, if that party's rights against the State are to be preserved. That effort would have to be made in every case, even when there is no suggestion that the uninjured party will be sued or there is no knowledge that the other party to the accident has been injured.

The purpose of the statute militates in favor of interpreting subsection (b) as referring to the injury suffered by the claimant, rather than that sustained by a plaintiff. Section 12–102 provides that "[t]his subtitle shall be construed broadly to ensure that injured parties have a remedy," thus evidencing an attempt, recognized in other cases, *see e.g. Simpson,* 323 Md. at 222, 592 A.2d at 1095, to broaden the tort liability of the State of Maryland. Interpreting "injury to person or property that is the basis of the claim" to refer only to the

plaintiff's injury fails to give effect to that legislative purpose, *see Condon,* 332 Md. at 491, 632 A.2d at 757 ("the cardinal rule of statutory construction is to ascertain and carry out the true intention of the Legislature."), to the word "claimant," and to the first reference in the statute to "claim." *See Lendo,* 295 Md. at 62–63, 453 A.2d at 1189. To be sure, rules of construction are applied for the purpose of interpreting an ambiguous statute rather than broadening the reach of a clear one. As we have seen, § 12–106(b)(1) is far from unambiguous with regard to the injury to which the 180 day notice requirement pertains.

We held in *Leppo,* 330 Md. at 424, 624 A.2d at 543, that, when the accident giving rise to this case occurred, § 12–106(a) did not except third-party complaints from coverage. Consequently, this Court has already decided that the appellant had to comply with the notice requirement of § 12–106(b)(1). We have held that a defendant has suffered sufficient injury to justify the bringing of a third party action when he or she is sued, *i.e.,* exposed to liability for the plaintiff's injuries. The plaintiff filed suit against the appellant on August 17, 1992. The appellant was served with the summons and complaint on August 30, 1992. The appellant therefore had from August 30, 1992, when she was served with the plaintiff's complaint, to February 26, 1993 to submit a written claim to the Treasurer, the prerequisite to commencing the third-party action against the State. She did not do so.

The appellant's third-party complaint against the State was not filed until March 5, 1993 and it was not served on the State until March 18. In short, at no time before filing the third-party complaint did the appellant submit written notice of a claim to the Treasurer. Not having done so, the appellant did not comply with the notification requirements of § 12–106(b)(1); accordingly, her third-party complaint against the State was untimely.

We hold that since the notice required by § 12–106(b)(1) was not timely given, the appellant's third-party complaint was correctly dismissed.

***JUDGMENT AFFIRMED WITH COSTS.***