248

653 A.2d 425

Nancy D. SHAH

v.

**HOWARD COUNTY.**

No. 54, Sept. Term, 1994.

Court of Appeals of Maryland.

Feb. 6, 1995.

Tony Heper (Law Office of Dennis E. Cuomo, on brief), Baltimore, for appellant.

Keri F. Kretschmann, Theodore B. Cornblatt (Smith, Somerville & Case, on brief), Baltimore, for appellee.

Argued before MURPHY, C.J. and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

KARWACKI, Judge.

This case presents the issue of whether a deputy sheriff of Howard County meets the definition of "public safety employee" so as to qualify for an increased workers' compensation award under Maryland Code (1991, 1994 Cum.Supp.), § 9–628 of the Labor and Employment Article (hereinafter the "Workers' Compensation Act" or the "Act"). That statute provides, in pertinent part:

"(a) *'Public safety employee' defined.*—In this section 'public safety employee' means:

\* \* \* \* \* \*

"(3) a police officer employed by: (i) a municipal corporation; (ii) a county; (iii) the State; (iv) the State Airport Authority; or (v) the Maryland–National Capital Park and Planning Commission.

\* \* \* \* \* \*

"(c) *On or after January 1, 1989.*—Except as provided in subsections (e) and (f) of this section, if a covered employee is awarded compensation for less than 75 weeks in a claim arising from events occurring on or after January 1, 1989, the employer or its insurer shall pay the covered employee compensation that equals one-third of the average weekly wage of the covered employee but does not exceed $82.50.

\* \* \* \* \* \*

"(f) *Exception for public safety employees.*—If a public safety employee is awarded compensation for less than 75 weeks, the employer or its insurer shall pay the public

safety employee compensation at the rate set for an award of compensation for a period greater than or equal to 75 weeks but less than 250 weeks under § 9-629 of this subtitle."

Section 9-629 of the Act calls for "weekly compensation that equals two-thirds of the average weekly wage of the covered employee but does not exceed one-third of the State average weekly wage."

## I

On December 30, 1988, the appellant, Nancy Shah, injured her right foot in the course of her employment as a Howard County deputy sheriff. As a result of that injury she sustained a ten percent permanent partial disability. While the parties were able to agree on the percentage of the disability, they disagree on the rate of compensation for the disability. The appellant insists that she should be compensated as a public safety employee at a higher compensation rate as provided in §§ 9-628(f) and 9-629 of the Workers' Compensation Act.[1] The appellee-employer argues that the appellant should be compensated at the regular rate as provided in Md.Code (1991, 1994 Cum.Supp.), § 9-628(c) of the Act.[2]

The matter was brought before the Workers' Compensation Commission (the Commission) which ordered that Shah be compensated at the lower rate of $82.50 per week, prescribed by § 9-628(c), for a period of 25 weeks. Appellant appealed that order to the Circuit Court for Howard County, alleging that she was entitled to the higher weekly rate prescribed by § 9-628(f). The circuit court granted appellee's motion for summary judgment on the issue of whether Shah was a public

---

1. Under these sections the Appellant would be entitled to compensation of $128.00 per week.

2. Under this section the Appellant would be entitled to compensation of $82.50 per week. Based on the date that the Appellant's injuries occurred, the award should have been made pursuant to § 9-628(b), limiting Appellant's compensation to $80.00 per week; however, Appellee does not raise this issue and we will not disturb the Commissioner's award on that basis.

safety employee within the meaning of § 9-628(a). Shah appealed that judgment to the Court of Special Appeals, but before the case was considered by the intermediate appellate court, we issued our writ of certiorari to consider whether the Commissioner and the circuit court erred in finding that a Howard County deputy sheriff is not a public safety employee, so as to preclude compensation under § 9-628(f) of the Act. We shall hold that the decisions below were correct as a matter of law.

## II

In *Soper v. Montgomery County*, 294 Md. 331, 449 A.2d 1158 (1982), a Montgomery County deputy sheriff who suffered from heart disease filed a claim for compensation with the Commission. He attempted to assert a presumption that his condition was compensable pursuant to Md.Code (1957, 1979 Repl.Vol.), Art. 101, § 64A [3] (now recodified as § 9-503(b) of the Labor and Employment Article) on the ground that a Montgomery County deputy sheriff was a police officer entitled to the presumption under the statute. In affirming the summary judgment granted to Montgomery County by the circuit court, we observed that the functions of deputy sheriffs vary widely among the counties, *Soper*, 294 Md. at 338, 449 A.2d at 1161-62, but in counties that have established police departments, "the establishment of a police department results in a dichotomy between the daily functioning of police officers and deputy sheriffs." *Id.* at 339, 449 A.2d at 1162. We further reasoned that:

"[b]ecause in counties that have established police departments, the functions ordinarily performed by deputy sher-

---

**3.** This statute provided, in pertinent part, as follows:

"(a) ... any condition or impairment of health of any paid State, municipal, Maryland-National Capital Park and Planning Commission, county or airport authority police officer caused by heart diseases or hypertension resulting in total or partial disability or death shall be presumed to be compensable under this article and to have been suffered in the line of duty and as a result of his employment."

iffs *as a primary part of their daily activities* are dissimilar from those primarily performed by police officers and do not involve unusual hazards, stresses, and strains, deputy sheriffs in such counties are not encompassed in the term 'police officer' contained in Art. 101, § 64A(a) . . . To hold otherwise would be to stretch statutory language and legislative intent beyond the fair implication of the words and purpose of Art. 101, § 64A(a)."

*Id.* at 345, 449 A.2d at 1165 (emphasis added).

In *Soper* we specifically noted that Howard County was one of the counties in Maryland that had established a police department. *Id.* at 339 & n. 5, 449 A.2d at 1162 & n. 5 (citing Howard County Charter, Art. XI, § 1109(a) (1982)). We looked at evidence of the dichotomy between the daily functions of police officers and deputy sheriffs in counties with police departments and specifically cited certain provisions from Howard County[4]:

"A.  Police officers—preserve public peace, prevent crime, protect ˜ersons and property, arrest and transport criminals.  Howard County Charter § 1109(b) (1982) & Howard County Code (1982) § 17.200.

"B.  Sheriff and deputy sheriffs—transport prisoners to a place of detention.  Howard County Code (1982) § 17.202."

*Id.* at 344 n. 6, 449 A.2d at 1164 n. 6.

Additional evidence of the differences between the positions of police officer and deputy sheriff in Howard County is contained in the record in this case.  The job descriptions for those positions provide:

*"DEPUTY SHERIFF*

\*     \*     \*     \*     \*     \*

"GENERAL DEFINITION

---

4.  We found relevant code provisions that supported the inference that there is a dichotomy between the daily functioning of police officers and deputy sheriffs, in *all* of the counties with established police departments. *Soper,* 294 Md. at 339–45, 449 A.2d at 1162–65.

This is entry level law enforcement and regulatory work. Work includes serving civil and criminal papers; maintaining court room security; maintaining security of and transporting prisoners."

### "POLICE OFFICER

\*   \*   \*   \*   \*   \*

"GENERAL DEFINITION

This is full performance level public protection and community service police work. An employee in this class, prevents, detects and investigates offenses and other irregularities, apprehends and assists in the prosecution of offenders, and provides a variety of community service activities to members of the public."

Shah argues that the permissible scope of her responsibilities, as defined by statute and personnel policies, are similar to those of a police officer, and that, as a deputy sheriff, she retains the powers that sheriffs possessed at common law, which encompass the same duties as those of a police officer. *See Soper,* 294 Md. at 336–37, 449 A.2d at 1161. While this may be true, we need only determine which of those responsibilities and retained common law powers Howard County deputy sheriffs do, in fact, exercise as a primary part of their daily activities. *See Id.* at 337, 449 A.2d at 1161.

When the appellant answered the appellee's interrogatories, she indicated that, in over ten years with the Howard County Sheriff's Department, she had made approximately one hundred car stops for various traffic violations, and had made approximately ninety arrests for various criminal violations. That is an average of less than ten car stops and less than nine arrests a year. On the other hand, appellant, during that same time period, served approximately 10,000 summonses and other papers "with an average of approximately one thousand per year."

We find no material difference in the facts in *Soper* and those before us in this case. In each case the facts reveal the dichotomy between the daily activities of police officers and

deputy sheriffs in counties with established police depart-ments. We hold, therefore, that *Soper* is dispositive—Howard County deputy sheriffs are not police officers within the meaning of § 9–628 of the Workers' Compensation Act.

## III

Moreover, we conclude that the General Assembly did not intend to include Howard County deputy sheriffs under § 9–628(a) of the Act based upon the express language of the statute and the legislative history. "The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature." *Soper*, 294 Md. at 335, 449 A.2d at 1160; *accord, e.g., Jones v. State,* 311 Md. 398, 405, 535 A.2d 471, 474 (1988). A "public safety employee" under § 9–628(a) includes certain fire fighters, fire fighting instructors, par-amedics and police officers. Deputy sheriffs are not expressly included. Shah seeks to be included under the term "police officer." [5] In *Soper*, we held that a deputy sheriff of a county with an established police department is not considered as a police officer under § 9–503(b) of the Workers' Compensation Act. As originally proposed, § 9–628(a) did include certain deputy sheriffs under the definition of public safety employee; however, that language was deleted from the section prior to passage. *See* Bill File of Department of Legislative Reference on Ch. 591 of the Acts of 1987 (H.B. 239). As that action was taken years after our decision in *Soper*, the Legislature must have intended to exclude deputy sheriffs, in counties with established police departments, from the definition of "public safety employee" found in § 9–628(a).

When the Legislature has wanted to treat deputy sheriffs as law enforcement officers, it has done so expressly. *See Soper*, 294 Md. at 334, 449 A.2d at 1160 (citing Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 36B(c)(1)(v) (carrying a handgun when

---

**5.** Appellant briefly argues that she should be considered a public safety employee because her training and duties are similar to all of the groups listed in § 9–628(a), but any such attempt to equate her position with that of a fire fighter or paramedic is facially without merit.

engaged in law enforcement activities); Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 594B(f)(9) & (10) (power to arrest without a warrant); Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 727(b)(5) (Law Enforcement Officers' Bill of Rights); Md. Code (1957, 1978 Repl.Vol., 1981 Cum.Supp.), Art. 41, § 59A–1 (death benefits); Md.Code (1957, 1978 Repl.Vol., 1981 Cum. Supp.), Art. 41, § 70A(a)(4) & (8) (training requirements); Md.Code (1957, 1979 Repl.Vol.), Art. 88B, §§ 2(e), 4(a) & 5 (general concurrent powers)). In choosing not to expressly include deputy sheriffs in counties with established police departments under § 9–628(a), therefore, the Legislature unambiguously intended to exclude them.

Since the definition of "public safety employee" was first enacted by Ch. 591 of the Acts of 1987, then codified as Md.Code (1957, 1987 Cum.Supp.), Art. 101, § 67(16), that definition has been amended to include such groups as volunteer fire fighters and volunteer ambulance, rescue and advanced life support workers. Ch. 578 of the Acts of 1989.[6] Deputy sheriffs were not included in this amendment, and that omission is yet another indication of the Legislature's intent to classify deputy sheriffs in counties with established police departments differently than those employees who regularly face the hazards inherent in their job of protecting the public.

Ten years after the *Soper* decision, the General Assembly amended § 9–503(b), in response to *Soper*,[7] to include Montgomery County deputy sheriffs within the coverage of that section.[8] Ch. 341 of the Acts of 1992.

"The impetus for the bill came from considerable *changes* in the duties of Deputy Sheriffs in [Montgomery] [C]ounty.

---

**6.** S.B. 430 *(1989)* was passed by unanimous vote in both houses of the Legislature.

**7.** "[House bill 658] was designed to alter the law as it was interpreted by the Court of Appeals in *Soper v. Montgomery County ...*" Letter from J. Joseph Curran, Attorney General, to Governor William Donald Schaefer of April 30, 1992, at 1.

**8.** A previous attempt to so include Montgomery County deputy sheriffs died in the Senate Finance Committee. H.B. 422 (1989).

These duties ... resulted in a number of severe injuries, such as gunshot wounds, that continue to cause a great deal of stress on the job.

"The [Montgomery County] Sheriff's department is responsible for such dangerous work as enforcing emergency evaluation petitions for DHMH[9] and executing spousal abuse petitions to remove spouses from the home. The deputies also serve *all* District Court and Circuit Court warrants; serve all eviction notices, including those for crack houses; and transport defendants from jail to Circuit Court. The deputies, who have the same training as the [Montgomery] county police *act as general backup on all police matters,* often arriving first on the scene.

"This *change in the nature of employment* for [Montgomery County] deputies should be reflected in the coverage provided for them under the workers' compensation law ... The Montgomery County delegation sees it as a matter of fairness that the Deputies be afforded this same presumption as the police officers *since their responsibilities are so similar."*

*Hearings on H.B. 658 Before the Senate Finance Comm.* (1992) (statement of Senator Ida G. Ruben, Chair, Montgomery County Senate Delegation) (emphasis added); *see also Hearings on H.B. 658 Before the House Constitutional and Administrative Law Comm.* (1992) (statement of Delegate Brian Frosh, Chairman, Montgomery County House Delegation (containing virtually identical language)).

By not amending that section so as to include deputy sheriffs of other counties with established police departments, such as Howard County, the Legislature indicated an intent that the decision in *Soper* should continue to control the classification of deputy sheriffs of those remaining counties. *See Harris v. State,* 331 Md. 137, 152 n. 8, 626 A.2d 946, 953 n. 8 (1993); *Waddell v. Kirkpatrick,* 331 Md. 52, 60, 626 A.2d 353, 357 (1993); *Williams v. State,* 292 Md. 201, 210, 438 A.2d

---

9. Department of Health and Mental Hygiene.

1301, 1305 (1981); *Bingman v. State*, 285 Md. 59, 65, 400 A.2d 765, 768 (1979). This intent was further clarified by the Legislature's action, *in the same year*, on H.B. 701 (1992). The purpose of this bill was to include *all* deputy sheriffs within the ambit of § 9–503(b).[10] Supporters of this bill, representing a number of jurisdictions from across the state, argued that deputy sheriffs should be included within the definition of police officer, for purposes of workers' compensation law. They made many of the same arguments as Shah has made in the instant case. The House Constitutional and Administrative Law Committee issued an unfavorable report on the bill, by a vote of eighteen to one,[11] and the bill died.

This legislative history supports our conclusion that the Legislature did not intend to include Howard County deputy sheriffs within the definition of "public safety employee" under § 9–628. When addressing the Workers' Compensation Act in the past we have stated that "[i]f there is a need to liberalize the law or to change what we think it plainly means, that is a legislative, not a judicial, function." *Belschner v. Anchor Post Prods., Inc.*, 227 Md. 89, 95, 175 A.2d 419, 422–23 (1961). The Legislature has, on occasion, accepted our invitation to make such changes, and we see no need to alter our approach here.

## IV

Shah also argues that the granting of summary judgment was procedurally improper because of certain disputed facts relating to Appellant's duties and training. These factual disputes, Appellant argues, are material as to whether Appel-

---

**10.** The pertinent language of the statute as proposed by this bill read:
"(b) A paid police officer employed by an airport authority, a county, the Maryland–National Capital Park and Planning Commission, a municipality, or the State *or a paid deputy sheriff employed by a county* is presumed to be suffering from an occupational disease that was suffered in the line of duty and is compensable under this title if:
. . ."
H.B. 701 (1992) (emphasis added).

**11.** The only member voting for a favorable report was the sponsor of the bill.

lant is in fact a "public safety employee." As we have held that Howard County deputy sheriffs, as a group, for purposes of § 9–628, are not public safety employees *as a matter of law,* we disagree.

*JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.*