REPORTED
IN THE COURT OF SPECIAL APPEALS
OF MARYLAND

No. 0961

September Term, 2012

SHAPIRO AND DUNCAN, INC., *et al.*

v.

NICHOLAS L. PAYNE

Meredith,
Kehoe,
Thieme, Raymond, G., Jr.
 (Retired, Specially Assigned),

JJ.

Opinion by Thieme, J.

Filed: January 29, 2014

On June 19, 2012, following a one-day bench trial in the Circuit Court for Montgomery County, the circuit court affirmed the September 7, 2011 determination of the Maryland Workers' Compensation Commission, concluding that Appellee, Nicholas L. Payne, was entitled to receive compensation from his employer, Shapiro and Duncan, Inc.,[1] for a work-related injury that occurred in Washington, D.C., on October 20, 2010. In their timely filed appeal, the Appellants raise a single question for our review:

> Did the circuit court err when it affirmed the Commission's finding that appellee was a covered employee under the Maryland Workers' Compensation Act for the injuries he suffered outside the State of Maryland?

Discerning no error, we shall affirm the determinations of the circuit court.

**I.**

Appellee, Nicholas L. Payne, a resident of Madison, Virginia, was employed as a plumber by Appellant, Shapiro and Duncan, Inc., a construction company incorporated in Maryland.[2] In the course of his employment with Shapiro and Duncan, Inc. in 2010,[3] Payne

---

[1] Shapiro and Duncan, Inc. maintained an insurance policy issued by Erie Insurance Exchange to cover their workers' compensation commitments in Maryland. Shapiro and Duncan, Inc. and Erie Insurance Exchange were represented by the same attorney at trial, and are acting in concert as the Appellants in the instant appeal.

[2] Though it is not obvious from the facts in the instant case, Shapiro and Duncan, Inc. attest that it is their policy to hire employees to work in the State where they reside.

[3] Payne had worked for Shapiro and Duncan, Inc. twice previously. During his previous periods of employment, Payne had worked at construction sites located in Maryland and Virginia.

worked at one job site in Maryland and two job sites in Virginia.[4]  Payne also attended

meetings in Maryland in the course of his employment.

On October 20, 2010, Payne and his supervisor were passing through Washington,

D.C., on their way from their work site in Virginia to a meeting at Shapiro and Duncan, Inc.'s

fabrication plant in Landover, Maryland.  Payne's supervisor was driving the company-

owned vehicle when he accidentally collided with another vehicle.  Payne suffered an injury

to his back in the collision.

Payne filed a claim against Shapiro and Duncan, Inc. with the Maryland Workers'

Compensation Commission.  On September 7, 2011, the Commission authorized a

compensation award in Payne's favor, concluding that Payne had sustained an accidental

injury in the course of his employment with Shapiro and Duncan, Inc.[5]

The Appellants jointly petitioned the Circuit Court for Montgomery County for

judicial review of the Commission's determination.  Following a *de novo* bench trial on June

19, 2012, the circuit court also found in favor of Payne, concluding that jurisdiction over

Payne's claim was appropriate in Maryland.  On July 13, 2012, the Appellants timely filed

a joint notice of the instant appeal.

---

[4]Appellee worked approximately 604 hours for Employer in 2010, 214 hours in Maryland; and 390 hours in Virginia.

[5]The Commission's determination was in the nature of a default judgment because, neither Shapiro and Duncan, Inc., nor Erie Insurance Exchange filed any response to Payne's claim to the Workers' Compensation Commission.

2

**II.**

Appellants contend that the circuit court erred as a matter of law in determining that Maryland had jurisdiction over Payne's compensation claim. Appellants assert that Payne was not "regularly employed" in Maryland, and therefore, is not a "covered employee" as that term is defined in the Workers' Compensation Act. Appellants also contend that Payne's compensation claim would have been more appropriately filed in Virginia, but assert that the provisions of the Virginia's Workers' Compensation Act were not relevant to the question of whether appellant was a covered employee under the Maryland law, and therefore, the court's consideration of the Virginia Act at trial constituted an abuse of the court's discretion.

Payne responds, asserting that the circuit court's conclusion that appellant was a "covered employee" who was entitled to compensation for his work related injury from his Maryland employer was legally correct and fully supported by the admissible evidence presented at trial. Payne further asserts that because there was sufficient evidence to support the trial court's determinations, even without reference to Virginia law, any error in the trial court's consideration of Virginia's compensation statutes was harmless.

**III.**

We find the Court of Appeals' opinion in *Pro-Football, Inc. v. McCants*, 428 Md. 270 (2012), to be helpful in succinctly stating the applicable law and standard of review to which we must adhere in the instant appeal:

> "When an individual seeks to secure workers' compensation coverage
> for an injury sustained on the job, the first question to be resolved is whether

3

he or she is a 'covered employee.'" *W.M. Schlosser Co. v. Uninsured Employers' Fund*, 414 Md. 195, 206 (2010). This is because the Commission has jurisdiction to hear only those claims brought by a "covered employee" as that term is employed in the Workers' Compensation Act. *See generally* §§ 9–709 through 9–711. Whether an individual is a "covered employee" depends on whether the individual is an employee of the employer, § 9–202(a); and on the site of the employment. *See* § 9–203;[6] *see also McElroy Truck Lines, Inc. v. Pohopek*, 375 Md. 574, 581 (2003). As to the site of employment, "an individual who is employed wholly outside of this State is not a covered employee," § 9–203(c), and an individual whose work takes place entirely "in this State" is a covered employee. § 9–203(a)(1).

The question is a closer one when an individual's employment necessitates work both inside and outside of Maryland. Under § 9–203(a)(2), an individual working across state lines may qualify as a covered employee if the individual works "regularly" in Maryland and on a "casual, incidental, or occasional basis" outside of the state. An individual who only works "intermittently or temporarily" in Maryland is not a covered employee if five other conditions, not pertinent here, are met. *See* § 9–203(b)(i)–(v).

\*       \*       \*

The parties' dispute requires us to determine whether [the employee] was "regularly employ[ed]" in Maryland such that, in this case, his activity in Virginia is "ca[su]al, incidental, or occasional" within the meaning of § 9–203(a)(2). When interpreting a statute, our primary goal is to ascertain

---

[6]Maryland Code (1999, 2008 Repl. Vol.), § 9–203(a) of the Labor and Employment Article ("L.E."), provides in pertinent part:

[A]n individual is a covered employee while working for the employer of the individual:

(1) in this State;

(2) outside of this State on a casual, incidental, or occasional basis if the employer regularly employs the individual within this State; or

(3) wholly outside the United States under a contract of employment made in this State for the work to be done wholly outside of the United States.

4

legislative intent. *W.M. Schlosser Co.*, 414 Md. at 203. Construction of a statute begins and ends with the plain meaning, when that meaning is clear and unambiguous. *Id.* at 203–04. Moreover, when we set out to interpret a provision of the Workers' Compensation Act, we construe its provisions "liberally, where possible, in order to effectuate the broad remedial purpose of the statutory scheme." *Uninsured Employers' Fund v. Danner*, 388 Md. 649, 659 (2005).

We bear in mind, too, that the posture of the instant appeal requires our review of a Commission decision first reviewed by the Circuit Court during a *de novo* trial proceeding. *See* § 9–745(d); *see also General Motors Corp. v. Bark*, 79 Md. App. 68, 73 (1989) (noting that "an appeal to the circuit court from a decision of the Workers' Compensation Commission is totally different" from an appeal taken generally from an administrative decision under the Maryland Administrative Procedure Act). We are not tasked, however, with review of the Commission's or Circuit Court's factual findings, to which we would owe deference. *W.M. Schlosser Co.*, 414 Md. at 205 (quoting *Md. Aviation Admin. v. Noland*, 386 Md. 556, 571 (2005)). Instead, we are called upon to determine whether each respective tribunal was legally correct in its construction and application of § 9–203. *Cosby v. Dep't of Human Res.*, 425 Md. 629, 638 (2012) (quotation marks omitted).

In that mode, we do not interpret the Workers' Compensation Act in a vacuum; rather, we review the Commission's interpretation of a statute it enforces. We "determine if the administrative decision is premised upon an erroneous conclusion of law." *W.M. Schlosser Co.*, 414 Md. at 204 (quoting *Md. Aviation Admin.*, 386 Md. at 571). That determination is not made *de novo*, substituting our judgment for that of the Commission. *Motor Vehicle Admin. v. Carpenter*, 424 Md. 401, 413 (2012). We recognize the Commission's expertise in the field of workers' compensation and consequently grant a degree of deference to the Commission's interpretation. *Id.* "We are under no constraint, however, to affirm an agency decision premised solely upon an erroneous conclusion of law." *Thomas v. State Ret. & Pension Sys.*, 420 Md. 45, 54–55 (2011) (quotation marks omitted).

*Id.* at 280, 282-83 (parallel citations omitted).

The parties agree that at the time of the accident, Payne was an employee of Shapiro and Duncan, Inc. The parties further agree that Payne worked neither wholly inside nor

wholly outside of Maryland. The parties' dispute centers on whether Payne's interstate employment qualifies him as a "covered employee" under L.E. § 9–203(a)(2). The parties specifically dispute whether Payne's work on a single job in Maryland and attendance at meetings in Maryland constitutes regular employment in the State; and whether the substantial time Payne spent in Virginia may be characterized as "casual, incidental, or occasional" under L.E. § 9–203(a)(2).

Accordingly, our analysis in this case turns upon whether Payne was correctly classified by the Commission, and subsequently by the circuit court, as a "covered employee," *i.e.*, an employee who was "regularly" employed in Maryland and who works outside of this State on only "a casual, incidental, or occasional basis." L.E. § 9-203(a)(2). In deciding whether an employee works regularly in Maryland, we consider the facts and circumstances presented in each case, including: 1) the nature of the employer's work; 2) the scope and purpose of the claimant's hiring; 3) the actual and intended duration of the claimant's employment; and, 4) whether the claimant's work was occasional, incidental, accidental, or a usual part of the employer's business. *Pohopek*, 375 Md. at 586–87; *see also McCants*, 428 Md. at 283-84 (quoting *Pohopek*, also suggesting that courts consider the understandings and expectations of the parties regarding the location and duration of the work based on any previous interactions or statements and representations made by the parties (quoting *Hodgson v. Flippo Construction Company, Inc*., 164 Md. App. 263, 269, *cert. denied*, 390 Md. 285 (2005))).

6

Throughout this case, the circuit court was mindful of the well-established principle that Maryland's compensation laws are to be broadly construed in favor of allowing coverage for work-related injuries in cases where coverage is unclear. *Hodgson*, 164 Md. App. at 267 ("'[T]he Workers' Compensation Act is remedial in nature and we are therefore required to "liberally construe[ ]" its provisions "in favor of injured employees" so as " to effectuate its benevolent purposes.'" (quoting *Subsequent Injury Fund v. Slater,* 27 Md. App. 295, 300 (1975)). After taking judicial notice of Virginia's compensation laws, which do not allow a claimant to recover compensation for an injury that occurred outside of Virginia unless the employer is based in Virginia, the trial court expressed its reluctance to leave Payne without any avenue to recover any compensation to which he was entitled for his work-related injury, because of conflicts between the laws of Maryland and Virginia.

Based on the evidence presented by the parties, the circuit court determined that Shapiro and Duncan, Inc. is a construction company based in Maryland that does not have a Virginia office. Based on the evidence of Payne's work history and the fact that Shapiro and Duncan, Inc. was based in Maryland, the court found that Payne was hired in Maryland, and that it was the parties' intention that Payne would work, at least initially, on a job site located in Maryland. The court concluded, therefore, that the "home base" of Payne's employment was Maryland.

The trial court next noted the guidance of this Court and the Court of Appeals in *Hodgson* and *Pohopek*, stating that the nature of construction work is transient, making any

7

effort to predict the location of future jobs speculative. *See Hodgson*, 164 Md. App at 271-72; *Pohopek*, 375 Md. at 593. The evidence presented to the court indicated that, prior to his injury, Payne worked on one project in Maryland, followed by two projects in Virginia. Based solely on evidence that Payne resided in Virginia and had worked more hours on job sites in Virginia than he had in Maryland during the few months he was employed by Shapiro and Duncan, Inc., the trial court was not able to find that Payne's work had become so "centralized and fixed" in Virginia that Virginia usurped Maryland as Payne's "home-base."

On review, we are persuaded that the trial court's findings of fact, to which we must defer, are not clearly erroneous. *See W.M. Schlosser Co.*, 414 Md. at 205 (cautioning that appellate review does not include reviewing factual findings). Applying Maryland's compensation laws to the facts, we conclude, as the trial court did, that Payne worked regularly in both Maryland and Virginia. This court has previously stated that if an employee works outside the state, but does not work wholly outside the state, then the employee's work outside the state is considered casual.[7] *Pohopek,* 375 Md. at 592; *Hodgson*, 164 Md. App.

_____

[7]We note that the facts in the instant case are distinguishable from those before the Court in *Hodgsen*, upon which Appellants rely. Unlike in *Hodgsen* where there was an extensive work history with numerous projects upon which the court could rely in determining that the "home base" of the claimant's employment had moved outside of Maryland, in this case, Payne had only been working for Shapiro and Duncan, Inc. for a short time, and had only worked on three projects, one in Maryland and two in Virginia, before he was injured. Therefore, in the instant case, there is not the same well-developed employment record upon which the court could base a determination that Payne's "home base" had actually and conclusively moved to Virginia for the long term. Moreover, weighing the percentage of the employee's time that is spent in each state, as the Court did in *Hodgsen* and as the Appellants repeatedly do in the instant case, is not appropriate in all cases. *See* (continued...)

at 271.  Because Payne worked regularly in Maryland, and his work in Virginia may be characterized as casual, Payne falls within the definition of a covered employee for the purposes of Maryland's compensation laws.  L.E. § 9-201(a)(2).  Therefore, Maryland has jurisdiction over Payne's compensation claim.  Discerning neither error nor abuse of discretion in the determinations of the circuit court, we affirm that court's judgment in this case.

Insofar as Appellants assert that the trial court's consideration of Virginia's Workers' Compensation Statute was improper, we note that the Courts of Maryland are obliged to take judicial notice of the common law and statutes of our sister States.  Md. Code (1974, 2012 Repl. Vol.) § 10-501 of the Courts and Judicial Proceedings Article.  In this case, the Virginia statute was relevant to the trial court's consideration of the Appellants' assertion that Payne's claim was more appropriately brought in Virginia.  Therefore, the trial court's consideration of the statute when it was offered by Payne's attorney does not constitute error.

**JUDGMENTS OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED;  COSTS TO BE PAID BY APPELLANTS.**

---

[7](...continued)
*Pro-Football, Inc. v. Tupa*, 197 Md. App. 463, 473 (2011) (opining that determining whether jurisdiction over an employee's claim arises in Maryland, "requires more than simply tallying up the quantity of time the employee spends in each jurisdiction").